FILED
SUPERIOR COURT
OF GUAM

2020 NOV -4 PM 2: 03

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM | CRIMINAL CASE NO. CF0112-20-01 |
| vs. | |
| NATASHA RENEE QUITUGUA PETERS, DOB: 12/15/1973 | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on September 29, 2020, upon the Defendant Natasha Renee Quitugua Peters' Motion to Dismiss with Prejudice as an Inappropriate Prosecution ("Motion to Dismiss") filed March 17, 2020. Defendant Natasha Renee Quitugua Peters ("Defendant") is represented by Assistant Alternate Public Defender Peter J. Santos. Assistant Attorney General Christine S. Tenorio represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On February 21, 2020, the Defendant was charged via Indictment with: 1) 2 Counts of First Degree Criminal Sexual Conduct via Complicity (as a First Degree Felony) with Special Allegation: Vulnerable Victim; and 2) 2 Counts of Second Degree Criminal Sexual Conduct via Complicity (as a First Degree Felony) with Special Allegation: Vulnerable Victim[1]. *See* Indictment (Feb. 21, 2020).

---

[1] Co-Defendant Duayne Richard Peters was also charged in the same Indictment with: 1) 5 Counts of First Degree Criminal Sexual Conduct (as a First Degree Felony) with Special Allegation: Vulnerable Victim; and 2) 3 Counts of Second Degree Criminal Sexual Conduct (as a First Degree Felony) with Special Allegation: Vulnerable Victim.

According to the Declaration attached to the Magistrate's Complaint, the charges against the Defendant are based on allegations of sexual assault on the Defendant's minor daughter, S.Q. (03/29/1991) by the Defendant's husband, co-Defendant Duayne Richard Peters ("co-Defendant Duayne"). *See* Magistrate's Compl. (Feb. 17, 2020). Specifically, the Defendant is alleged to have been present during some of the incidences of the alleged sexual assault by co-Defendant Duayne. During a police interview, the Defendant allegedly admitted to an incident where the Defendant and co-Defendant Duayne were having sex and included S.Q., and that co-Defendant Duayne had sex with the Defendant and proceeded to then have sex with S.Q. *Id.* The Defendant also stated that she recalls watching co-Defendant Duayne allegedly penetrate S.Q.'s vagina with a gold vibrator. *Id.* The Defendant told police that S.Q. was approximately nine (9) or ten (10) years old at the time of the alleged sexual assault. *Id.*

On March 17, 2020, the Defendant filed the instant Motion to Dismiss. In her motion, the Defendant requests that the Court dismiss with prejudice the Indictment pursuant to Title 9 GCA § 7.67(b) and Title 8 GCA § 80.70(c). Specifically, the Defendant argues that she cannot legally be found guilty of criminal facilitation of the alleged crimes under Title 9 GCA § 4.60 because she claims that she did not induce, aid, or participate in the alleged sexual assaults. Further, the Defendant argues that liability for omission is not available as a theory of legal culpability under 9 GCA § 4.20.

The People filed their Opposition on July 14, 2020. The People on the other hand, assert that the Defendant was in fact an active participant in the alleged rape of S.Q. because, as the Defendant already admitted, she allowed co-Defendant Duayne to rape S.Q. right in front of her. Further, the People argue that the Defendant had a legal duty under Guam's Child Abuse law, to protect S.Q. and prevent the alleged abuse. Thus, the People argue that the Defendant's conduct is exactly what both the complicity statute and criminal sexual conduct statute seek to prevent.

---

On September 29, 2020, the Court granted Defendant's Motion to Sever. The case against Defendant Duayne is denoted as Criminal Case No. CF0112-20.

On September 29, 2020, a hearing was held on the instant motion. Counsel for both parties appeared via Zoom. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

The Defendant argues that dismissal is warranted under Title 9 GCA § 7.67(b) as an inappropriate prosecution. Guam law provides, in relevant part, that the prosecution of a defendant shall be dismissed if:

> [H]aving regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, [the court] finds that the defendant's conduct . . . [d]id not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction [.]

*See* 9 GCA § 7.67(b). Title 8 GCA § 80.70(c) allows the court to dismiss a prosecution pursuant to 9 GCA § 7.67. *See* 8 GCA § 80.70(c). Here, the Defendant argues that she cannot legally be found guilty of criminal facilitation of the alleged crimes under Title 9 GCA § 4.60 because she asserts that she did not directly induce, aid, or participate in the alleged sexual assaults. Further, the Defendant argues that liability for omission is not available as a theory of legal culpability under 9 GCA § 4.20.

The People charged the Defendant with two counts of First Degree Criminal Sexual Conduct and two counts of Second Degree Criminal Sexual Conduct via Complicity pursuant to 9 GCA § 4.60. Title 9 GCA § 4.60 provides:

> **§ 4.60. Guilt Established by Complicity.**
> A person is guilty of an offense if, with the intention of promoting or assisting in the commission of the offense, he induces or aids another person to commit the offense. If the definition of the offense includes lesser offenses, the offense of which each person shall be guilty shall be determined according to his own culpable mental state and to those aggravating mitigating factors which apply to him.

9 GCA § 4.60.

The Defendant asserts the People do not specifically allege that the Defendant actually induced or aided co-Defendant Duayne in the commission of the alleged sexual assaults. The

Defendant contends that she was not an active participant however, concedes that she was in fact present and did not do anything to prevent the alleged sexual assaults on S.Q. by co-Defendant Duayne. Further, the Defendant maintains that in order to establish criminal liability for an omission under Title 9 GCA § 4.20, the underlying statute must expressly so provide, or a duty to perform the act is otherwise imposed by law. Title 9 GCA § 4.20 provides:

> **§ 4.20. Liability for Omission Limited.**
> A person is not guilty of an offense if his liability is based solely on an omission unless the law defining the offense expressly so provides, or a duty to perform the act is otherwise imposed by law.

9 GCA § 4.20. Here, the Defendant argues that nothing in Guam's Criminal Sexual Conduct statute provides liability based solely on an omission. *See* 9 GCA § 25.10 *et seq.* The People, on the other hand, contend that the Defendant's conduct is not *de minimis* under Title 9 GCA 7.67(b) and is particularly egregious. Further, the People maintain that the Defendant can be held criminally liable for her complicity under both an omission theory and an active participation theory.

As a preliminary matter, and contrary to the Defendant's assertion, the Guam Supreme Court has characterized Title 9 GCA § 7.67 as Guam's *de minimis* prosecution statute. *Guam v. Perez*, 2004 Guam 4 ¶ 8. Citing Guam's *de minimis* statute, the Guam Supreme Court recognized that a trial court is authorized "to mitigate the general provisions of the criminal law to prevent absurd applications." *Id.* at ¶ 10 (citing 9 GCA § 7.67). When considering a *de minimis* motion, all factual allegations are viewed as true. *Id.* at ¶ 16 (citing *State v. Zarrilli*, 523 A.2d 284, 288 (N.J. Super. Ct. Law Div. 1987). Further, the question to be asked in analyzing a de minimis motion is "What is the risk of harm to which society is exposed by defendant's conduct?" *Id.* at ¶ 12, 18 (quoting *Zarrilli*, 523 A.2d at 288).

In the instant case, the Court finds that the allegations against the Defendant are not *de minimis*. The Court agrees with the People that the Defendant's conduct is particularly egregious and that it is the type of conduct both the complicity statute and criminal sexual conduct statutes seek to prevent. As aforementioned, the Defendant admitted to being present

during the alleged sexual assaults on S.Q. by co-Defendant Duayne, and that she did nothing to prevent the alleged acts. In fact, the Defendant has described the alleged incidents as "threesomes" between herself, co-Defendant Duayne, and S.Q. Guam's child abuse statute recognizes that parents or guardians have a legal duty to protect their children[2]. *See* 9 GCA § 31.30, *et seq.* Therefore, reading Title 9 GCA § 4.20 regarding liability for omissions in conjunction with Guam's child abuse statute, it is clear that the Defendant had a legal duty to protect her daughter, S.Q., from both emotional and physical harm. Thus, because the Defendant had a legal duty to protect S.Q. and did nothing to prevent the alleged harm, the Court finds that the Defendant can be held criminally liable for inducing or aiding co-Defendant Duayne to commit First and Second Degree Criminal Sexual Conduct within the meaning of the complicity statute.

Further, the Court finds that the Defendant is not entitled to protection under Guam's *de minimis* prosecution statute, as her actions cannot be considered trivial given the harm done. By her omission, the Defendant did allegedly induce or aid the harm and/or evil that the criminal sexual conduct statute seeks to prevent. The Defendant cannot escape liability just because she claims she was merely present during the alleged sexual assaults on S.Q. by co-Defendant Duayne.

Accordingly, the Court finds that the charges against the Defendant are not *di minimis* under Title 9 GCA § 7.67(b) as her actions cannot be considered trivial given the harm caused by such egregious allegations. Thus, the Court hereby **DENIES** the Defendant's Motion to Dismiss as an Inappropriate Prosecution.

//

//

---

[2] The comment to Guam's Child Abuse statute provides:

> Persons having the care or responsibility for a child are held to a high standard of care. In addition to the obvious crimes of desertion or cruel mistreatment, parents or guardians may not unreasonably cause or permit a child to be endangered. *This § 31.30(2)(c) recognizes the duty imposed upon parents or guardians to care for a child's emotional, as well as physical needs.*

9 GCA § 31.30 *et seq.* (emphasis added).

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss as an Inappropriate Prosecution is hereby **DENIED**.

IT IS SO ORDERED ___11 / 4 / 20___ .


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, APO

Date: 11/4/20  Time: 2:00 pm

Antonio A Cruz
Deputy Clerk, Superior Court of Guam